**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GN HEARING A/S d/b/a STEELSERIES, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| 888 DIGITAL INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff GN Hearing A/S d/b/a SteelSeries ("Plaintiff" or "SteelSeries") by and through its undersigned counsel, complains of the conduct of Defendant 888 Digital Inc. ("Defendant") misconduct and alleges as follows:

**NATURE OF THIS ACTION**

1.        SteelSeries seeks injunctive relief and monetary damages for Defendant's false advertising, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*., common law conversion, and violations of state law arising from Defendant's wrongful and infringing promotion and sale of SteelSeries's products, including the sale of stolen goods, through online commerce sites including but not limited to, https://888lots.com/ and Amazon.com.  Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable harm of SteelSeries.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. Defendant is subject to personal jurisdiction in this forum because Defendant misrepresented the nature of products to residents of the State of Illinois and this District; because Defendant has sold products to residents of the State of Illinois and this District; because Defendant has caused injury to Steel Series' trademarks in the State of Illinois and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the State of Illinois and this District; because SteelSeries advised Defendant via a cease and desist letter that it could be hailed into Illinois to face litigation; because Defendant regularly conducts or solicits business within the State of Illinois and this District; because Defendant regularly and systematically directs electronic activity into the State of Illinois and this District with the manifest intent of engaging in business within the State of Illinois and this District, including the sale and/or offer for sale of products to Internet users within the State of Illinois and this District, as well as, upon information and belief, entry into contracts with residents of the State of Illinois and this District through the sale of items through various online retail platforms.

4. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff GN Hearing A/S d/b/a SteelSeries is a Danish corporation with its principal place of business in Chicago, Illinois. SteelSeries designs, manufactures, and sells a

variety of high-performance gaming peripherals and accessories, including headsets, keyboards, mice, and mousepads in the United States under the "SteelSeries" brand name (the "SteelSeries Products").

6.      Defendant 888 Digital Inc. is a New Jersey corporation with its principal place of business located at 1416 East Linden Ave, Linden, New Jersey 07036.   Defendant does business or has done business through various online commerce sites, including, but not limited to, Amazon.com under the Amazon seller name "888Lots" (Seller ID: A17OW6EFY14L9G) and its own website https://888lots.com/.  Defendant is an unauthorized reseller of SteelSeries Products.

## FACTS GIVING RISE TO THIS ACTION

**A.      SteelSeries's Trademark Usage**

7.      The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with computer and gaming products (hereinafter, the "SteelSeries Marks").  The SteelSeries Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|:---:|:---:|:---:|
|  | Nov. 8, 2016 | 5,075,646 |
| STEELSERIES | May 9, 2023 | 7,045,433 |
| steelseries | Nov. 19, 2024 | 7,573,053 |

8.      The SteelSeries Marks have been in continuous use since at least their respective dates of registration.

9.      SteelSeries advertises, distributes, and sells its products to consumers under the SteelSeries Marks.

10.     The SteelSeries Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the SteelSeries Marks.

11.     SteelSeries has invested significant time, money, and effort in advertising, promoting, and developing the SteelSeries Marks throughout the United States and the world.  As a result of such actions, SteelSeries has established substantial goodwill and widespread recognition in its SteelSeries Marks, and those marks have become associated exclusively with SteelSeries and its products by both customers and potential customers, as well as the general public at large.

12.     To create and maintain goodwill among its customers, SteelSeries has taken substantial steps to ensure that products bearing the SteelSeries Marks are of the highest quality. As a result, the SteelSeries Marks have become widely known and are recognized throughout the State of Illinois and this District, the United States, and the world as symbols of high quality products.

13.     SteelSeries is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the SteelSeries Marks.

**B.      Defendant's Infringing and Improper Conduct**

14.     Defendant has sold and is currently selling products bearing the SteelSeries Marks on several online retail platforms, including, but not limited to, 888lots.com and Amazon.com (the "Websites").

15.     SteelSeries has never authorized or otherwise granted Defendant permission to sell SteelSeries Products.

16.     Defendant represents that the SteelSeries Products it offers for sale on the Websites are "new" despite the fact that they are stolen and/or non-genuine product of unknown origin.

17.     Because Defendant purchases SteelSeries Products from unauthorized or black-market channels, it is unaware of the condition or the prior chain of custody of the SteelSeries Products it sells.  Therefore, all SteelSeries Products sold by Defendant are non-genuine products. *See also* https://888lots.com/pages/company (advertising "new" products while simultaneously claiming 888 Lots is an online liquidations and surplus inventory platform).

18.     Below are examples of Defendant's product listings advertising products bearing the SteelSeries Marks to consumers in the United States on the Internet:















19.     Defendant's advertisement of SteelSeries Products and use of the SteelSeries Marks

provide customers with a false assurance that the products they purchase from Defendant conform

with SteelSeries's high standards and work as intended, when in fact they are receiving non-genuine SteelSeries Products.

20.     Defendant falsely advertises the SteelSeries Products it offers for sale and sells on the Internet to United States consumers using the SteelSeries Marks.

21.     Specifically, Defendant advertises SteelSeries products as "new" yet fulfills orders using product that is either stolen or not authenticated and of unknown origin.

22.     Upon information and belief, Defendant possesses and sells stolen SteelSeries Products.

23.     For instance, in July 2025, SteelSeries acquired 100 units of its own products from an unauthorized third-party seller. Upon receipt, the stock keeping units (SKUs) and quantity matched those of a shipment originally designated for Amazon but reported as stolen. Subsequent investigation identified Defendant as the source of these stolen goods.

24.     The Defendant engaged in actions to obscure their involvement, including shipping SteelSeries Products in boxes labeled with Amazon branding although the items had not been purchased from Amazon. The Defendant further attempted to misrepresent the origin of these products, implying they were sourced from Amazon when, in fact, the defendant had obtained stolen goods that were designated for Amazon.

25.     For example, the following products advertised and sold by Defendant are all products contained in the Stolen Shipment:









26.    The aforementioned examples do not constitute an exhaustive list of Defendant's advertisements for stolen products. In fact, Defendant currently has approximately five (5) product listings corresponding to SKUs from the Stolen Shipment.

27.     Based on available information, Defendant not only advertises on their website but also distributes targeted email communications to potential purchasers, offering for sale large quantities of "new" SteelSeries Products while knowingly selling stolen SteelSeries Products.

28.     Upon information and belief, Defendant is in possession of, has sold, and is currently selling stolen SteelSeries Products from the Stolen Shipment.

29.     Defendant knowingly advertises the stolen and/or non-genuine products as "new" to consumers in the United States.  By doing so, Defendant falsely represents and/or creates the false impression that the products are authentic SteelSeries products when in fact, they are stolen or non-genuine product of unknown origin.

30.     In addition to harm to consumers, the sale of stolen and non-genuine SteelSeries Products directly harms SteelSeries. When consumers purchase SteelSeries Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of SteelSeries is diminished because they receive stolen or non-genuine product of unknown origin.  SteelSeries's opportunity to sell genuine, high-quality products to those consumers may be lost forever.  As a result of Defendant's conduct, SteelSeries suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

31.     Offering SteelSeries Products as "new" despite the fact that they are stolen and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

32.     Defendant's conduct results in consumer confusion, the dilution of SteelSeries's goodwill and trade name, as well as lost sales and profits of actual "new" SteelSeries Products.

**C.    Likelihood of Confusion and Injury Caused by Defendant's Actions**

33.    Defendant's actions substantially harm SteelSeries by selling stolen SteelSeries Products and placing falsely advertised, unwarranted SteelSeries Products into the stream of commerce in the United States.

34.    Defendant's advertisement and sale of stolen and/or non-genuine products bearing the SteelSeries Marks has caused – and is likely to continue causing – consumer confusion by representing to consumers that the SteelSeries Products offered by sale by Defendant are "new" when they are not.

35.    Defendant's advertisement and sale of stolen and/or non-genuine products bearing the SteelSeries Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding SteelSeries's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

36.    Defendant's actions substantially harm SteelSeries's goodwill and reputation when consumers learn that the products bearing the SteelSeries Marks they have purchased from Defendant are not as advertised and from a far less reputable reseller than it appeared.

37.    Defendant's conduct results in consumer confusion as well as the dilution of SteelSeries's goodwill and trade name, as consumers are not receiving the products they believe they are purchasing.

38.    Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised SteelSeries Products, to the detriment of SteelSeries.

39.    As a result of Defendant's actions, SteelSeries is suffering a loss of the enormous goodwill it created in the SteelSeries Marks.

13

40.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to SteelSeries's irreparable harm.

## COUNT I
### False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

41.     SteelSeries hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.     This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

43.     SteelSeries engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the SteelSeries Marks, throughout the United States.

44.     The SteelSeries Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing SteelSeries's products and services.

45.     By selling or distributing products using the SteelSeries Marks that are different from those sold by SteelSeries as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to SteelSeries and its goods and services in violation of 15 U.S.C. § 1125(a).

46.     By advertising or promoting products using the SteelSeries Marks that are different from those sold by SteelSeries as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

47.     Defendant's continued use of the SteelSeries Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

14

48.     Defendant has used, and continues to use, the SteelSeries Marks to sell products that are different from those sold by SteelSeries in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to SteelSeries's goodwill and reputation as symbolized by the SteelSeries Marks, for which SteelSeries has no adequate remedy at law.

49.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the SteelSeries Marks, thereby causing immediate, substantial, and irreparable injury to SteelSeries.

50.     By selling and advertising products under the SteelSeries Marks that are different from those sold by SteelSeries, Defendant is using the SteelSeries Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without SteelSeries's consent.  Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, SteelSeries and its goods and services in violation of 15 U.S.C. 1125(a).  Accordingly, SteelSeries is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

51.     As a direct and proximate result of Defendant's actions, SteelSeries has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and unless their conduct is enjoined, SteelSeries's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, SteelSeries is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## False Advertising in Violation of 15 U.S.C. § 1125(a)

52.     SteelSeries hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products. These false statements actually deceive, or have a tendency to deceive, a substantial segment of SteelSeries's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of SteelSeries's customers.

54.     Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to SteelSeries for which there is no adequate remedy at law.  As such, SteelSeries is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

56.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the SteelSeries Marks, thereby causing immediate, substantial, and irreparable injury to SteelSeries.

16

57.     Pursuant to 15 U.S.C. § 1117, SteelSeries is entitled to recover from Defendant the damages sustained by SteelSeries as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

58.     Pursuant to 15 U.S.C. § 1117, SteelSeries is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. SteelSeries is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

59.     Pursuant to 15 U.S.C. § 1117, SteelSeries is further entitled to recover the costs of this action.   Moreover, SteelSeries is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling SteelSeries to recover additional damages and reasonable attorneys' fees.

## COUNT III
## Common Law Conversion

60.     SteelSeries hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61.     SteelSeries has an ownership and possessor interest in its products.

62.     Defendant is in possession of products stolen from SteelSeries.

63.     Defendant is not entitled to SteelSeries's property in any way.

64.     Defendant intentionally, improperly, and unlawfully exercised dominion and control over SteelSeries's Products by offering to sell and selling the stolen SteelSeries Products.

65.     As a direct and proximate result of the foregoing willful, wanton, reckless, and malicious conduct of Defendant, SteelSeries's property has been misappropriated and SteelSeries has incurred substantial economic loss.

## <u>COUNT IV</u>
**Deceptive Trade Practices Under State Law**
**(815 ILCS §§ 510, et seq.)**

70.     SteelSeries hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     By the acts described herein, Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq*. by advertising or promoting products using the SteelSeries Marks as alleged herein, Defendant has used or employed unconscionable commercial practices, deception, false pretenses, false promises, and misrepresentations in the sale of SteelSeries Products to consumers.

72.     As detailed above, Defendant's acts have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of the SteelSeries Products that Defendant sells to consumers, and if not enjoined will continue to cause, irreparable and continuing harm to the public, and SteelSeries' marks, business, reputation and goodwill. SteelSeries has no adequate remedy at law because monetary damages are inadequate to compensate SteelSeries for the injuries caused by Defendant. SteelSeries is entitled to injunctive relief and to an award of its costs and attorneys' fees under 815 ILCS § 510/3.

**WHEREFORE,** SteelSeries prays for judgment against Defendant as follows:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of SteelSeries Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (ii) as to Count II, Defendant's false advertisement of SteelSeries Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's sale of SteelSeries products constitutes Conversion; and (iv) as to Count IV, Defendant's actions

18

constitute a violation of Illinois law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    i.    Using or attempting to use, any of SteelSeries's intellectual property, including, but not limited to, the SteelSeries Marks;

    ii.    Advertising, selling, or taking any steps to sell, any products bearing the SteelSeries Marks in an improper manner;

    iii.    Engaging in any activity constituting unfair competition with SteelSeries; and

    iv.    Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B.  Award SteelSeries its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or 815 ILCS §§ 510, *et seq.*;

C.  Award SteelSeries Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or 815 ILCS §§ 510, *et seq.*;

D.  Award SteelSeries exemplary and punitive damages in an appropriate amount;

E.  Enter judgment that Defendant's acts of infringement have been knowing and willful;

F.  Award SteelSeries its reasonable attorneys' fees in bringing this action as allowed by law;

G. Award SteelSeries pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H. Award SteelSeries the costs incurred in bringing this action; and

I. Award SteelSeries such other relief as this Court deems just and proper.

## **JURY DEMAND**

SteelSeries hereby demands a jury trial on all claims so triable.

Dated: February 6, 2026                 Respectfully submitted,

K&L GATES LLP


By: *s/ Molly G. Baldock*
Molly G. Baldock
K&L Gates LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602
Phone: (312) 807-1121
Fax: (312) 827-8000

Christopher S. Finnerty (*pro hac vice* forthcoming)
Shaina M. Lefkowitz (*pro hac vice* forthcoming)
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Phone: (617) 951-9105
Fax: (617) 261-3175

*Attorneys for Plaintiff*